Christopher B. Turcotte (CT-0867)
THE LAW OFFICE OF CHRISTOPHER B. TURCOTTE, P.C.
575 Madison Avenue, Suite 1006
New York, New York  10022
(212) 937-8499
*Attorneys for Defendants Chase Bank USA, N.A.,*
*incorrectly named as Chase Bank*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REKHA S. KARIA and NEEL S. KARIA,

                Plaintiffs,

  - against -

CAPITAL ONE; CHASE BANK; DISCOVER CARDS; and AMERICAN EXPRESS,

                Defendants.

Case No.  7:18-cv-03703-VB

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHASE BANK USA, N.A.'S MOTION TO DISMISS THE COMPLAINT AS TO CHASE ONLY PURSUANT TO FED.R.CIV.P. 12(b)(6)**

---

# TABLE OF CONTENTS

| | |
|---|---:|
| TABLE OF AUTHORITIES | (ii) |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF RELEVANT FACTUAL ALLEGATIONS | 2 |
| LEGAL ARGUMENT | |
| POINT I | |
| STANDARDS OF REVIEW | 3 |
| POINT II | |
| PLAINTIFFS' FAILURE TO PLEAD THE *PRIMA FACIE* ELEMENTS OF EACH COMMON LAW CAUSE OF ACTION DEMANDS THAT THEY BE DISMISSED | 5 |
| A. Plaintiff's Negligence Claim Fails Because No Duty of Care Is Owed in a Creditor-Debtor Relationship and Is Precluded under the Economic Loss Doctrine | 5 |
| B. Claim of Negligent Misrepresentation Is Not Viable in a Borrower-Lender Context | 7 |
| C. Plaintiffs' Fraud Claim Is Not Pled with the Requisite Particularity in Compliance with Fed.R.Civ.P. 9(b) and Fails to State a Claim upon which Relief Can Be Granted | 8 |
| D. Plaintiffs' "Tort" Claim Is Devoid of Any Detail and the Factual Allegations Do Not Rise to the Level of a *Prima Facie* Tort | 9 |
| E. The Complaint Does Not Set Forth Factual Allegations Giving Rise to *Prima Facie* Causes of Action of Either Negligent or Intentional Infliction of Emotion Distress | 10 |
| F. Because New York Does Not Recognize Civil Conspiracy to Commit a Tort as an Independent Cause of Action, the Claim Must Be Dismissed as a Matter of Law | 11 |
| G. "Community Policing," "Attempted Murder" and "Malpractice" Are Not Recognized or Applicable Causes of Action Relative to CBUSA | 12 |
| CONCLUSION | 13 |

# TABLE OF AUTHORITIES

## Cases

*Aaron Ferer & Sons v. CBUSA Manhattan Bank*,
 731 F.2d 112, 122 (2d Cir.1984) .................................................................... 5-6

*Acito v. IMCERA Group*, 47 F.3d 47 (2d Cir. 1995) ............................................................ 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................. 4

*Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677 (7th Cir. 1992) ........................ 8

*Belinski v. Keith Haring Foundation, Inc.*, 632 Fed.Appx. 637 (2d Cir. Dec. 2, 2015) ............... 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)........................................................ 3-4

*Chin v. Rogoff & Co.*, 2006 WL 3456345 (S.D.N.Y. Nov. 26, 2006)................................... 4

*Colo. Capital Invs., Inc. v. Owens*, 304 Fed.Appx. 906 (2d Cir.2008)................................ 10

*Congress Fin. Corp. v. John Morrell & Co.*, 790 F.Supp. 459 (S.D.N.Y. 1992)................... 6

*Cyber Media Group, Inc. v. Island Mortgage Network, Inc.*,
 183 F.Supp.2d 559 (E.D.N.Y. 2002) ............................................................... 8

*DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242 (2d Cir. 1987) ................... 8

*Durante Bros. and Sons, Inc. v. Flushing Nat. Bank*,
 755 F.2d 239 (2d Cir.), *cert. denied*, 473 U.S. 906 (1985)........................... 5, 6

*Fab Industries, Inc. v. BNY Financial Corp.*, 252 A.D.2d 367,
 675 N.Y.S.2d 77 (1st Dept. 1998) .................................................................... 7

*Faulkner v. City of Yonkers*, 105 A.D.3d 899, 963 N.Y.S.2d 340 (2d Dept. 2013)..................... 12

*Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35 (2d Cir. 1990)............................. 3

*First Select, Inc. v. Washington*, 2002 WL 31109817 (N.Y.Sup.App.Term Sept. 13, 2002)........ 6

*Frutico S.A. de C.V. v. Bankers Trust Co.*, 833 F.Supp. 288 (S.D.N.Y. 1993) ..................... 6

*Goldstein v. Siegel*, 19 A.D.2d 489, 244 N.Y.S.2d 378 (1st Dept. 1963)............................ 12

*Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*, 17 N.Y.3d 565,
 958 N.E.2d 77, 934 N.Y.S.2d 43 (2011) ....................................................... 7-8

*Hoeffner v. Orrick, Herrington & Sutcliffe LLP*, 85 A.D.3d 457,
 924 N.Y.S.2d 376 (1st Dept. 2011)................................................................ 11

*Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993) ............ 10

*In re Carter-Wallace, Inc. Securities Litigation*, 220 F.3d 36 (2d Cir. 2000) ...................... 8

*In re Residential Capital, LLC*, 2016 WL797901 (Bankr.S.D.N.Y. Feb. 29, 2016).................. 6

*Infanti v. Scharpf*, 570 Fed.Appx. 85 (2d Cir. June 24, 2014) ........................................... 7

*Iwachiw v. New York City Bd. of Educ.*, 2007 WL 433401 (E.D.N.Y. Feb. 5, 2007)............. 12-13

*J. Rosen Furs, Inc. v. Sigma Plumbing & Heating Corp.*,
    249 A.D.2d 276, 670 N.Y.S.2d 596 (2d Dept. 1998) ............................................ 5

*Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991)............................................. 4-5

*Ladino v. Bank of America*, 52 A.D.3d 571, 861 N.Y.S.2d 683 (2d Dept. 2008) ................... 6

*Lan Sang v. Ming Hai*, 951 F.Supp.2d 504 (S.D.N.Y.2013) .......................................... 9-10

*Liberty Media Corp.*, 449 F.3d 388 (2d Cir. 2006)...................................................... 11

*Lipin v. Hunt*, 538 F.Supp.2d 590 (S.D.N.Y. 2008)................................................... 11-12

*MBF Clearing Corp. v. Shine*, 212 A.D.2d 478, 623 N.Y.S.2d 204 (1st Dept. 1995)............... 12

*Nelson v. Stahl*, 173 F.Supp.2d 153 (S.D.N.Y. 2001) .................................................. 8

*Nieblas-Love v. New York City Housing Authority*, 165 F.Supp.3d 51 (S.D.N.Y. 2016).........9-10

*Oddo Asset Mgmt v. Barclays Bank PLC*, 84 A.D.3d 692,
    923 N.Y.S.2d 327 (1st Dept. 2011)...................................................................... 6-7

*Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2d Cir.1998),
    *cert. denied*, 119 S.Ct. 868 (1999) .................................................................... 4

*Papason v. Allain*, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) ......................... 4

*Polzer v. TRW, Inc.*, 256 A.D.2d 248, 682 N.Y.S.2d 194 (1st Dept. 1998) ........................ 6

*Rapf v. Suffolk County of New York*, 755 F.2d 282 (2d Cir. 1985)................................... 3

*Rich v. Maidstone Financial, Inc.*, 2001 WL 286757 (S.D.N.Y. 2001) .............................. 8

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000) ........................................................ 4

*Rotz v. City of New York*, 143 A.D.2d 301, 532 N.Y.S.2d 245 (1st Dept. 1988)................... 5

*SNS Bank, N.V. v. Citibank, N.A.*, 7 A.D.3d 352, 777 N.Y.S.2d 62 (1st Dept. 2004).............. 7

*Samuels v. Air Transport Local 504*, 992 F.2d 12 (2d Cir. 1993) ................................... 4

*Shields v. Citytrust Bancorp*, 25 F.3d 1124 (2d Cir. 1994)............................................. 8

*Truong v. AT&T*, 243 A.D.2d 278, 663 N.Y.S.2d 16 (1st Dept. 1997)............................... 12

*Twin Laboratories, Inc. v. Weider Health & Fitness*, 900 F.2d 566 (2d Cir. 1990)................ 9

*Walia v. Holder*, 59 F.Supp.3d 492 (E.D.N.Y.2014)................................................... 10

*Weinberger v. Kendrick*, 698 F.2d 61, 79 (2d Cir.1982),
    *cert. denied*, 464 U.S. 818 (1983) .................................................................... 6

*Wells Fargo Bank, N.A. v. Wine*, 90 A.D.3d 1216, 935 N.Y.S.2d 664 (3d Dept. 2011).............. 11

*Willis v. Kepner*, 109 A.D.2d 950, 486 N.Y.S.2d 440 (3d Dept. 1985)........................................ 13

*Zwicker v. Emigrant Mortgage Co.*, 91 A.D.3d 443, 936 N.Y.S.2d 158 (1st Dept. 2012)............. 6

## Treatises

5 C. Wright & A. Miller, Federal Practice and Procedure, § 1216 (3d ed. 2004).......................... 4

15 C.J.S. Conspiracy, §25............................................................................................................ 12

**PRELIMINARY STATEMENT**

Defendant Chase Bank USA, N.A. ("CBUSA"), sued herein as Chase Bank, brings this motion to dismiss the Complaint of plaintiffs Rekha S. Karia and Neel S. Karia (collectively, "Plaintiffs"), which, despite CBUSA merely serving as the issuer and servicer of Plaintiff Rekha Karia's credit card account, alleges fantastical if not incomprehensible claims of CBUSA (i) colluding with Poughkeepsie, New York law enforcement and a New York City police officer to "torture," "beat," and "attempt murder" against Neel S. Karia, (ii) improperly mailing account statements to a so-called unauthorized P.O. Box address which matches the P.O. Box address identified as Plaintiff's address on the Summons and Complaint and bank statements annexed thereto, and (iii) drawing credit card payments from a bank account allegedly unknown to Plaintiffs when, in fact, such payments are found on bank statements annexed to the Complaint.

Based on this scattershot set of allegations, Plaintiffs assert claims against CBUSA for "negligence, breach of duty, misrepresentation of facts, fraud, tort, community policing, negligent infliction of emotional distress, intentional infliction of emotional distress, conspiracy, attempt to murder and malpractice." *See* true and correct copy of Complaint annexed to the Declaration of Christopher B. Turcotte dated May 3, 2018 ("Turcotte Decl.") as Exhibit "A", at ¶104. Because the Complaint fails to plead the *prima facie* elements for any of these causes of action, the Complaint must be dismissed as to CBUSA with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

---

[1] On April 26, 2018, CBUSA removed this action from the Supreme Court of the State of New York, Kings County, to the Southern District of New York (White Plains) based upon diversity of citizenship under 28 U.S.C. § 1332(a), insofar as (i) Plaintiffs are residents of Poughkeepsie, New York (ii) the defendants are all citizens in states other than New York, and (iii) Plaintiffs seek $500,000 in damages from Chase and, in whole, $2.6 million in damages from all four defendants.
    On April 27, 2018, the case was assigned to the Honorable Vincent L. Briccetti, United States District Judge for the Southern District of New York, who immediately entered an Order

## **STATEMENT OF RELEVANT ALLEGATIONS**[2]

According to the Complaint, on or about March 7, 2017, in conjunction with Rekha Karia opening a CBUSA credit card account, Poughkeepsie law enforcement and CBUSA shared unspecified "personal information" concerning the Karia's son or son-in-law with the intention of aiding Poughkeepsie law enforcement and a Michael Friedlander of "Manhattan the NYPD" to "beat" and "torture" Karia's son "on a daily basis." *See* Compl. annexed to Turcotte Decl. at ¶¶20-32, 92, 99.

Plaintiffs further allege that they never received the credit card corresponding to the opened CBUSA account. Plaintiffs claim that the address they furnished to CBUSA when opening the account – 7 N. Grand Ave., #1 Rear, Poughkeepsie, NY 12603 – is different from a post office box address "on file" with Chase, P.O. Box 2631, Poughkeepsie, NY 12603 (which Plaintiffs acknowledge is a *correct* post office box address for Plaintiffs but contend this information was never shared with CBUSA),[3] and the inability to reconcile this constitutes negligence, fraud, misrepresentation of facts, conspiracy, and tort on the part of CBUSA. *Id.* at ¶¶33-57, 69-71, 74, 88, 102. Plaintiffs allege that they have filed a separate suit against the US Postal Service and

---

transferring the action to the Eastern District of New York "in the interest of justice." *See* true and correct copy of 4-27-18 Order annexed to Turcotte Decl. as Ex. B.

[2] Many of the Complaint's allegations against CBUSA reference "CHASE" exhibits (specifically "CHASE 1" through "CHASE 42"), none of which are annexed to the Complaint.

[3] The Complaint contradicts this claim, (i) first alleging that the address of record for the account should be 7 N. Grand Ave., #1 Rear, Poughkeepsie, NY 12603 (*see* Compl., at ¶35-36), (ii) then acknowledging that "plaintiffs had to give their POST BOX ADDRESS to the [CBUSA] customer associate . . . [who] says THIS IS THE SAME ADDRESS ON FILE" (*id.* at ¶44 [capitalization in original]), and (iii) finally, alleging that Plaintiffs utilize the post office box because "their mails were been [sic] stolen by upstairs criminals (neighbors)." *Id.* at ¶¶79, 90. Indeed, the post office box which Plaintiffs allege that Chase improperly sent Rekha Karia's credit card, P.O. Box 2631, Poughkeepsie, NY 12603 (*id.* at ¶74), is the very address Plaintiffs identify as their address on the Summons and Complaint and the address on Rekha Karia's TD Bank account statements annexed as exhibits to the Complaint.

Poughkeepsie law enforcement concerning the Postal Service's "stealing" mail and law enforcement's role in destroying and installing microphones in Plaintiffs' home and attempts to murder and engage in "a plot to kill" Plaintiffs. *Id.* at ¶¶71-73, 77-78, 80-81, 90. Plaintiffs contend they "opened the PO BOX on 2/15/17 as their mails were been [sic] stolen by upstairs criminals (neighbors) an then have not received ANY CHASE CREDIT CARD BILLS." *Id.* at ¶79. Finally, Plaintiffs allege that payments to Karia's CBUSA credit card account – belying the claim she never received her Chase credit card or monthly billing statements – are being drawn from a "1553" account when it should be paid from a TD Bank account ending in 8190,[4] constituting "conspiracy, invasion of privacy, fraud, theft, misrepresentation of facts, tort, negligence, lies and community policing." *Id.* at ¶¶95-98.

## LEGAL ARGUMENT

## POINT I

## STANDARDS OF REVIEW

This Court's function in deciding a motion to dismiss pursuant to Rule 12(b)(6) is not to weigh the evidence that might be presented at trial, but merely to determine whether the complaint itself is legally sufficient. *Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 37 (2d Cir. 1990). Although the factual allegations are accepted as true and all inferences are drawn in favor of the non-moving party, *Rapf v. Suffolk County of New York*, 755 F.2d 282, 290 (2d Cir. 1985), the United States Supreme Court has held that

---

[4] This claim is also belied by the Complaint, which attaches Rekha Karia's TD Bank account statements for August 2017 (Ex. "DISCOVER 6"), September 2017 (Ex. "DISCOVER 8"), and October 2017 (Ex. "DISCOVER 10"). Aside from the fact that Plaintiffs offer no factual detail as to these supposedly misrouted payments from a "1553" account, the TD Bank account statements reveal electronic payments to CBUSA of (i) $25 on 8/17/17, (ii) $66 on 8/23/17, (iii) $27 on 9/14/17, (iv) $66 on 9/25/17, (iv) $27 on 10/13/17, and (v) $66 on 10/23/17, which correspond with CBUSA records.

3

> a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papason v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)(on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1216, pp. 235-236 (3d ed. 2004) . . . ('[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action') . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Id.* at 558 (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009) (a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation", and "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct", dismissal is proper).

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court may consider

> any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference . . . and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit.

*Chin v. Rogoff & Co.*, 2006 WL 3456345, at *2 (S.D.N.Y. Nov. 26, 2006) (quoting *Rothman v. Gregor*, 220 F.3d 81, 88-89 (2d Cir. 2000)); *see also Kramer v. Time Warner Inc. et al*, 937 F.2d 767, 773 (2d Cir. 1991); *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). Additionally, "[i]t is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)." *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 75 (2d Cir.1998), *cert. denied*, 119 S.Ct. 868 (1999); *Kramer,* 937 F.2d at 774 (2d

4

Cir.1991) (district court may examine public disclosure documents, including related state litigation, on 12(b)(6) motion).

## POINT II

**PLAINTIFFS' FAILURE TO PLEAD THE *PRIMA FACIE* ELEMENTS OF EACH COMMON LAW CAUSE OF ACTION DEMANDS THAT THEY BE DISMISSED**

Plaintiffs' causes of action for (i) negligence/breach of duty, (ii) misrepresentation of facts, (iii) fraud, (iv) tort, (v) community policing, (vi) negligent infliction of emotional distress, (vii) intentional infliction of emotional distress, (viii) conspiracy, (ix) attempt to murder, and (x) malpractice are all encumbered with fatal pleading defects and must be dismissed as a matter of law.

### A. Plaintiff's Negligence Claim Fails Because No Duty of Care Is Owed in a Creditor-Debtor Relationship and Is Precluded under the Economic Loss Doctrine

Plaintiffs' negligence claim fails as a matter of law because (i) there is no duty of reasonable care owing between creditor CBUSA and debtor Karia that would give rise to a negligence claim, and (ii) economic loss that is not the result of personal injury or property damage is not recoverable under a theory of negligence.

To properly allege a claim for negligence, plaintiff must demonstrate (1) defendant owed plaintiff a duty of reasonable care, (2) a breach of that duty, and (3) a resulting injury proximately caused by the breach. *See*, *e.g.*, *J. Rosen Furs, Inc. v. Sigma Plumbing & Heating Corp.*, 249 A.D.2d 276, 670 N.Y.S.2d 596 (2d Dept. 1998); *Rotz v. City of New York*, 143 A.D.2d 301, 532 N.Y.S.2d 245, 248 (1st Dept. 1988). The law is clear, with respect to the essential duty-of-care element for a negligence claim, "[a]n ordinary creditor-debtor relationship between bank and customer does not create such a duty of care." *Durante Bros. and Sons, Inc. v. Flushing Nat. Bank*, 755 F.2d 239, 252 (2d Cir.), *cert. denied,* 473 U.S. 906 (1985)(citing *Aaron Ferer & Sons v.*

*CBUSA Manhattan Bank,* 731 F.2d 112, 122 (2d Cir.1984)); *In re Residential Capital, LLC*, 2016 WL797901, at *8 (Bankr.S.D.N.Y. Feb. 29, 2016)("McNerney cannot establish that Homecomings, as her lender, owed her a duty of care")(citation omitted); *Frutico S.A. de C.V. v. Bankers Trust Co.*, 833 F.Supp. 288, 301 (S.D.N.Y. 1993)("New York law posits a relationship of debtor and creditor between a bank and its customer. As a result, a bank does not owe its customers the kind of fiduciary duties which arise in special relationships between parties")(citing *Durante*, 755F.2d at 252; *Aaron Ferer & Sons, Ltd.*, 731 F.2d at 122); *Congress Fin. Corp. v. John Morrell & Co.,* 790 F.Supp. 459, 474 (S.D.N.Y. 1992)("[b]anking relationships ... are generally not viewed by courts as special relationships giving rise to a heightened duty of care").[5] To impose such a duty of care "would be anomalous to require a lender to act as a fiduciary for interests on the opposite side of the negotiating table." *Weinberger v. Kendrick,* 698 F.2d 61, 79 (2d Cir.1982), *cert. denied,* 464 U.S. 818 (1983). Plaintiffs have not, and cannot, articulate a duty of care that CBUSA, as Plaintiff Rekha Karia's credit card issuer, owed to her, let alone any breach of that duty.

Indeed, it is well-settled that "[t]here is no fiduciary duty arising out of the contractual arm's length debtor and creditor legal relationship between a borrower and a bank." *Zwicker v. Emigrant Mortgage Co.*, 91 A.D.3d 443, 444, 936 N.Y.S.2d 158, 159 (1st Dept. 2012); *Oddo Asset Mgmt v. Barclays Bank PLC*, 84 A.D.3d 692, 923 N.Y.S.2d 327 (1st Dept. 2011)("[p]laintiff's

---

[5] *See also Polzer v. TRW, Inc.*, 256 A.D.2d 248, 682 N.Y.S.2d 194, 195 (1st Dept. 1998)(no cause of action for negligence cause of action for negligence between a creditor card issuer and its customer, who "st[an]d simply in a creditor/debtor relationship"); *Ladino v. Bank of* America, 52 A.D.3d 571, 574-75, 861 N.Y.S.2d 683, 687 (2d Dept. 2008)(plaintiff alleged no special relationship with bank under a negligence claim giving rise to a duty to exercise vigilance in verifying identify of unknown person allegedly obtaining loan in plaintiff's name); *First Select, Inc. v. Washington*, 2002 WL 31109817, at *1 (N.Y.Sup.App.Term Sept. 13, 2002)(finding no special duty is owned between credit card issuer and cardholder).

creditor-debtor relationship … did not give rise to such a fiduciary duty"); *SNS Bank, N.V. v. Citibank, N.A.*, 7 A.D.3d 352, 354, 777 N.Y.S.2d 62, 64 (1st Dept. 2004)(no fiduciary duty where relationship is one of debtor and creditor); *Fab Industries, Inc. v. BNY Financial Corp.*, 252 A.D.2d 367, 675 N.Y.S.2d 77, 78 (1st Dept. 1998)("There is no fiduciary duty . . . arising out of the contractual arm's length debtor and creditor legal relationship between a borrower and a bank which would give rise to a cause of action for negligent misrepresentation")(citation omitted); *Infanti v. Scharpf*, 570 Fed.Appx. 85, 88 (2d Cir. June 24, 2014)("[u]nder ordinary circumstances, a creditor-debtor relationship does not give rise to fiduciary duties").

Accordingly, Plaintiffs' negligence/breach of duty claim must be dismissed as a matter of law.

**B. A Claim of Negligent Misrepresentation Is Not Viable in a Borrower-Lender Context**

Notwithstanding Plaintiffs' failure to identify CBUSA's "misrepresentation of facts" to them, because a claim of negligent misrepresentation does not exist in the context of a borrower-lender relationship, this cause of action also fails against CBUSA as a matter of law.[6]

As the Court of Appeals recently affirmed, it is well-settled New York law that

> 'liability for negligent misrepresentation has been imposed only on those persons who possess unique or specialize expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified.' (*Kimmel v. Schaefer*, 89 N.Y.2d 257, 263, 652 N.Y.S.2d 715, 675 N.E.2d 450 [1996]). '[T]he relationship between a bank and its depositor is one of debtor and creditor' (*Brigham v. McCabe*, 20 N.Y.2d 525, 530, 285 N.Y.S.2d 294, 232 N.E.2d 327 [1967]; *see also Solicitor for Affairs of His Majesty's Treasury v. Bankers Trust Co.*, 304 N.Y. 282, 291, 107 N..E.2d 448 [1952]) and '***an arm's length borrower-lender relationship – does not support a cause of action for negligent misrepresentation***' (citations omitted).

---

[6] Because Plaintiffs' Complaint does not disclose the context in which CBUSA allegedly "misrepresented facts," to the extent Plaintiffs contend such misrepresentation was not negligent but instead deliberate (and therefore derivative of Plaintiffs' fraud claim), CBUSA will refute such claim in Point II(C).

7

*Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*, 17 N.Y.3d 565, 578, 958 N.E.2d 77, 84, 934 N.Y.S.2d 43, 50 (2011).

Here, the relationship between Plaintiff and CBUSA is one between a creditor and debtor arising from Karia's opening and maintaining a CBUSA credit card account. Accordingly, Plaintiff cannot maintain a claim for negligent misrepresentation against CBUSA as a matter of law.

**C. Plaintiffs' Fraud Claim Is Not Pled with the Requisite Particularity in Compliance with Fed.R.Civ.P. 9(b) and Fails to State a Claim upon which Relief Can Be Granted**

Plaintiffs' so-called "fraud" claim is not plead with the requisite particularity to sustain a cause of action under Rule 9(b) of the Federal Rules of Civil Procedure.

"The requirement that fraud be pleaded with particularity is intended to provide notice of a plaintiff's claim and the ability to appropriately defend the action as well as to ensure that a defendant's reputation or goodwill is not unnecessarily harmed." *Cyber Media Group, Inc. v. Island Mortgage Network, Inc.*, 183 F.Supp.2d 559, 570 (E.D.N.Y. 2002)(citing *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)); *see also Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992). "'[C]onclusory allegations' do not satisfy the pleading requirements of Rule 9(b)." *In re Carter-Wallace, Inc. Securities Litigation*, 220 F.3d 36, 40 (2d Cir. 2000)(quoting *Acito v. IMCERA Group*, 47 F.3d 47, 53 (2d Cir. 1995)). A complaint making such allegations must "(1) specify the statements, oral or written, that the plaintiff contends were fraudulent, (2) identify the speaker or writer, (3) state where, when and to whom the statements were made, and (4) explain why the statements were fraudulent." *Nelson v. Stahl*, 173 F.Supp.2d 153, 167 (S.D.N.Y. 2001)(citing *Acito, supra*, 51; *Shields v. Citytrust Bancorp*, 25 F.3d 1124, 1127-28 (2d Cir. 1994); *Rich v. Maidstone Financial, Inc.*, 2001 WL 286757, at *3 (S.D.N.Y. 2001)).

8

Plaintiffs have not, nor can they, articulate any basis, let alone with Rule 9(b) particularity, by which CBUSA's servicing of Karia's credit card account gives rise to an allegation of fraud. In short, it does not state a claim upon which relief can be granted. Accordingly, this cause of action is also deficient on its face and must be dismissed.

### D. Plaintiffs' "Tort" Claim Is Devoid of Any Detail and the Factual Allegations Do Not Rise to the Level of a *Prima Facie* Tort

The Complaint fails to articulate what is intended by CBUSA having allegedly committed a "tort" against Plaintiffs, or how such "tort" is distinguishable from the other pled causes of action. Even if the Court interprets such claim liberally as setting forth a cause of action for *prima facie* tort, Plaintiffs fail to plead the *prima facie* elements.

The elements for such a tort are (i) intentional infliction of harm; (ii) resulting in special damages; (iii) without excuse or justification; (iv) by an act that would otherwise would be lawful. *Twin Laboratories, Inc. v. Weider Health & Fitness*, 900 F.2d 566, 571 (2d Cir. 1990).

> The touchstone is 'disinterested malevolence,' meaning that the plaintiff cannot recover unless the defendant's conduct was not only harmful, but done with the sole intent to harm. We have held that motives other than disinterested malevolence, 'such as profit, self-interest, or business advantage' will defeat a prima facie tort claim.

*Id.* (internal citations omitted); *see also Belinski v. Keith Haring Foundation, Inc.*, 632 Fed.Appx. 637, 643 (2d Cir. Dec. 2, 2015).

Here, the factual allegations do not credibly aver that CBUSA acted in an unlawful manner, let alone suggest that CBUSA took any actions with an intent to inflict harm or that such actions proximately resulted in economic damages to Plaintiffs. Accordingly, the "tort" claim must be dismissed.

### E. The Complaint Does Not Set Forth Factual Allegations Giving Rise to *Prima Facie* Causes of Action of Either Negligent or Intentional Infliction of Emotion Distress

CBUSA's alleged conduct does not rise to the level of constituting negligent or intentional infliction of emotional distress as a matter of law.

A claim for negligent infliction of emotional distress under New York law requires four elements: "(1) breach of a duty owed to plaintiff, which breach either unreasonably endangered plaintiff's physical safety or caused plaintiff to fear for his physical safety; (2) extreme and outrageous conduct; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Nieblas-Love v. New York City Housing Authority*, 165 F.Supp.3d 51, 77 (S.D.N.Y. 2016)(quoting *Walia v. Holder*, 59 F.Supp.3d 492, 512 (E.D.N.Y.2014)). "New York courts have expressed a 'longstanding reluctance to recognize causes of action for negligent infliction of emotional distress, especially in cases where the plaintiff suffered no independent physical or economic injury.'" *Nieblas-Love*, 165 F.Supp.3d at 77 (quoting *Colo. Capital Invs., Inc. v. Owens*, 304 Fed.Appx. 906, 908 (2d Cir.2008)).

A claim for intentional infliction of emotional distress under New York law requires a plaintiff to establish: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Nieblas-Love*, 165 F.Supp.3d at 77-78 (quoting *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993)). "[T]he rigor of the outrageousness standard is well established." *Nieblas-Love*, 165 F.Supp.3d at 78 (quoting *Lan Sang v. Ming Hai*, 951 F.Supp.2d 504, 530 (S.D.N.Y.2013)) (internal quotation marks omitted). Specifically, the "[c]onduct must have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency," and recovery is only available

"where severe mental pain or anguish is inflicted through a deliberate and malicious campaign of harassment or intimidation." *Id.*

Here, there is no allegation concerning CBUSA's conduct which – even if accepted as true for purposes of this motion, is limited to CBUSA's allegedly sharing unspecified "personal information" with Poughkeepsie law enforcement and issues regarding the alleged mailing of account statements and receipt of account payments – remotely meets the standards for negligent or intentional infliction of emotional distress. Accordingly, these claims must be dismissed as well.

### F. Because New York Does Not Recognize Civil Conspiracy to Commit a Tort as an Independent Cause of Action, the Claim Must Be Dismissed as a Matter of Law

Because it is axiomatic that New York does not recognize civil conspiracy to commit a tort as an independent cause of action, this claim also must be dismissed with prejudice. *Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006)("New York does not recognize an independent tort of conspiracy"). *See also Hoeffner v. Orrick, Herrington & Sutcliffe LLP*, 85 A.D.3d 457, 458, 924 N.Y.S.2d 376, 377 (1st Dept. 2011)("[w]hile a plaintiff may allege, in a claim of fraud or other tort, that parties conspired, the conspiracy to commit a fraud or tort is not, of itself, a cause of action"); *Wells Fargo Bank, N.A. v. Wine*, 90 A.D.3d 1216, 1218, 935 N.Y.S.2d 664, 666 (3d Dept. 2011)(affirming dismissal of civil conspiracy claim as a non-viable, independent cause of action).

Even assuming *arguendo* that Plaintiffs seek to pair a civil conspiracy with an underlying tort, as set forth above, the only torts pled by Plaintiffs fail as a matter of law. Finally, Plaintiffs' conspiracy action is based solely on conclusory claims of CBUSA's collusion with law enforcement agents to terrorize Plaintiffs. Such absurd, barebones allegations mandate dismissal with prejudice. *See*, *e.g.*, *Lipin v. Hunt*, 538 F.Supp.2d 590, 602 (S.D.N.Y. 2008)("[p]laintiff's allegations relating to conspiracy are wholly conclusory and insufficient to state a claim" against

11

bank for the actions of others); *Faulkner v. City of Yonkers*, 105 A.D.3d 899, 901, 963 N.Y.S.2d 340, 341 (2d Dept. 2013)("A bare conclusory allegation of conspiracy is usually held insufficient"); *Truong v. AT&T*, 243 A.D.2d 278, 663 N.Y.S.2d 16, 17 (1st Dept. 1997)(affirming dismissal of conspiracy claim in "absence of any proof of any proof of an agreement to engage in a common scheme or plan to deprive plaintiff of his property"); *MBF Clearing Corp. v. Shine*, 212 A.D.2d 478, 623 N.Y.S.2d 204, 205-06 (1st Dept. 1995)(affirming dismissal of conspiracy claim consisting only of conclusory allegations); *Goldstein v. Siegel*, 19 A.D.2d 489, 244 N.Y.S.2d 378 (1st Dept. 1963)(affirming dismissal of conspiracy claim, court observed that "a general allegation that defendants entered into a conspiracy for a certain purpose and have committed acts in furtherance thereof, without setting out the facts constituting the conspiracy, ordinarily is not sufficient")(quoting 15 C.J.S. Conspiracy, §25).

### G. "Community Policing," "Attempted Murder" and "Malpractice" Are Not Recognized or Applicable Causes of Action Relative to CBUSA

At the risk of stating the obvious, the balance of Plaintiffs' so-called claims are either not recognized causes of action or not applicable to CBUSA.

First, "community policing" is not a recognized cause of action. Rather, it is a system of allocating police officers to particular areas so that they become familiar with the local inhabitants and work in a proactive partnership with such citizens to identify and solve problems. It is has no relevance to CBUSA's servicing of plaintiff Rekha Karia's credit card account.

Similarly, the claims of "attempt to murder" and "malpractice" relative to CBUSA's performance and treatment of its cardholder is patently ridiculous. *See*, *e.g.*, *Iwachiw v. New York City Bd. of Educ.,* 2007 WL 433401 (E.D.N.Y. Feb. 5, 2007)(court, in granting dismissal of complaint alleging conclusory claims including conspiracy and attempted murder and denying leave to amend, deemed pleading "frivolous on its face . . . [where] it is vague and

incomprehensible, or when it is supported by baseless factual allegations describing fantastic delusional scenarios"); *Willis v. Kepner*, 109 A.D.2d 950, 951, 486 N.Y.S.2d 440, 441-42 (3d Dept. 1985)(affirming dismissal of complaint, court held "plaintiffs merely compiled a long list of legal theories, ranging from nuisance and malpractice to escape, unlawful assembly and attempted murder, which are nonsensical and give no notice of the actions complained of. In conclusion, although the complaint puts defendants on notice that plaintiffs have some type of grievance against them, it fails to give notice of what is intended to be proved or how the material elements of each cause of action apply to them.")

Accordingly, these frivolous claims should be dismissed with prejudice as well.

## **CONCLUSION**

For the foregoing reasons, based on Plaintiffs' failure to state a claim upon which relief can be granted, CBUSA respectfully requests that the Court dismiss the Complaint as to CBUSA, with prejudice, in its entirety.

Dated: New York, New York
May 3, 2018

                                             THE LAW OFFICE OF
                                             CHRISTOPHER B. TURCOTTE, P.C.

                                             By: /s/Christopher B. Turcotte
                                                     Christopher B. Turcotte
                                             575 Madison Avenue, Suite 1006
                                             New York, New York 10022
                                             (212) 937-8499
                                             *Attorneys for Defendant Chase Bank USA, N.A.*